Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000626
29-NOV-2013
08:41 AM

NO. CAAP-12-0000626

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALEXANDER H. LI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-12-00941)

SUMMARY DISPOSITION ORDER
(By:  Fujise and Reifurth, JJ.,
with Nakamura, C.J. concurring separately)

Defendant-Appellant Alexander H. Li (Li) appeals from the Judgment, entered on June 18, 2012 in the District Court of the First Circuit, Honolulu Division (District Court).[1]

Li was found guilty of Operating a Vehicle under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2012).

On appeal, Li contends the District Court erred by (1) denying his motion to dismiss because the amended complaint was pled in the disjunctive and (2) admitting a supervisor's sworn statements regarding the accuracy of an Intoxilyzer because they were testimonial in nature and he was not provided the opportunity to question the supervisor which violated his right to confront a witness.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Li's points of error as follows:

---

[1]     The Honorable Lono J. Lee presided.

(1)    Li claims that the District Court erred by denying his Motion to Dismiss because the charge was stated in the disjunctive.    On appeal, Li challenges three disjunctive terms:

> On or about the 5th day of February, 2012, in the City and County of Honolulu, State of Hawaii, ALEXANDER H. LI . . . did operate **or [the 1st "or"]** assume actual physical control of a vehicle upon a public way, street, road, **or [the 2d "or"]** highway with .08 **or [the 3d "or"]** more grams of alcohol per two hundred liters of breath, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61 . . . . (a)(3) of the <u>Hawaii Revised Statutes</u>. ALEXANDER H. LI is subject to sentencing as a first offender in accordance with Section 291E-61(b)(1) of the <u>Hawaii Revised Statutes</u>.

However, during his arraignment, Li orally stated his objection as follows:

> I'm just going to move to dismiss the complaint inasmuch as the complaint says basically "intentional, knowing, or recklessly operate or assume on a public road, street, or highway while under the influence of alcohol sufficient to impair his mental faculties or ability to care for his -- guard against himself and casualty."  And this complaint is completely pled in the disjunctive.  Under Jendrush and the McCarthy case it is a pleading that should be dismissed, and I would move to dismiss it at this time.

Li did not object to the "third or" he identifies on appeal.    Therefore, that point of error is waived.    Hawai'i Rules of Appellate Procedure Rule 28(b)(4).

As to the "first or," the term "operate" in HRS § 291E-61(a) is defined in HRS § 291E-1 (2007) as "to drive or assume actual physical control of a vehicle upon a public way, street, road, or highway or to navigate or otherwise use or assume physical control of a vessel underway on or in the waters of the State."  HRS § 291E-1, <u>State v. Wheeler</u>, 121 Hawai'i 383, 391, 219 P.3d 1170, 1178 (2009).  The term "assume actual physical control" is part of the definition of "operate" in HRS § 291E-1. Thus, the term operate is synonymous with the phrase "assume actual physical control."  <u>Wheeler</u>, 121 Hawai'i at 392, 219 P.3d at 24 ("[W]e interpret the definition of 'operate' in HRS § 291E-1 as referring generally to the conduct of 'operating' a vehicle under the influence as described in the title of HRS § 291E-61(a), whether the conduct consists of driving the vehicle or otherwise assuming actual physical control of it.")  Thus, the term "operate" and the phrase "assume actual physical control" are not alternative methods of committing the offense that must be charged in the conjunctive.

2

As to the "second or," the phrase "Public way, street, road, or highway" is a specific term that is defined in HRS § 291E-1.

"Public way, street, road, or highway" includes:

(1) The entire width, including berm or shoulder, of every road, alley, street, way, right of way, lane, trail, highway, or bridge;

(2) A parking lot, when any part thereof is open for use by the public or to which the public is invited for entertainment or business purposes;

(3) Any bicycle lane, bicycle path, bicycle route, bikeway, controlled-access highway, laned roadway, roadway, or street, as defined in section 291C-1; or

(4) Any public highway, as defined in section 264-1.

The phrase "Public way, street, road, or highway" is a single term. The term itself is not a combination of four possible public places upon which an offense may be committed. Thus, it is not improperly charged in the disjunctive.

Even if it were to be read as four separate terms, i.e. public way, public street, public road, and public highway, the terms are synonymous with each other. When terms are synonymous, they may be pled in the disjunctive. See Terr. v. Kim Unq Pil, 26 Haw. 725, 729 (1923) ("[W]here terms laid in the alternative are synonymous, the indictment is good.") (citation and internal quotation marks omitted). Subsection 1 of this definition defines the term "Public way, street, road, or highway" as "the entire width, including berm or shoulder, of every road, alley, street, way, right of way, lane, trail, highway, or bridge[.]" (emphasis added).

The District Court did not err by denying Li's Motion to Dismiss.

(2) Li claims that his Sixth Amendment right to confront witnesses against him was violated when the District Court admitted State's Exhibits 2 and 5 over his objection. State's Exhibits 2 and 5 were "the two internal accuracy tests with the supervisor's sworn statements." executed thirty days before and after Li's Intoxilyzer test was administered.[2] Li acknowledges that in State v. Marshall, 114 Hawaiʻi 396, 400-02,

_____

[2] Although both exhibits appear to have been admitted into evidence at trial, only Exhibit 5 appears in the record.

3

163 P.3d 199, 203-05 (App. 2007) and in the majority of other jurisdictions considering the matter, a supervisor's sworn statement that an Intoxilyzer had been properly calibrated and tested for accuracy was not testimonial in nature and therefore not subject to the Confrontation Clause of the Sixth Amendment. Citing Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011), Li urges this court to overrule Marshall.

In Bullcoming, the court considered the admissibility of a certificate attesting to Bullcoming's blood-alcohol concentration without the testimony of persons having personal knowledge of Bullcoming's test. The high court held that a witness that did not certify a report that was testimonial in nature could not testify in place of the person that did certify the report in order to satisfy the Confrontation Clause of the Sixth Amendment. 131 S. Ct. at 2713. The issue in Bullcoming was not whether the report was testimonial in nature, rather which witness must testify at trial about a report that is testimonial in nature. Thus, Bullcoming is inapplicable to this case. We find no authority since Marshall that undermines its holding, therefore, we decline to overrule it. Marshall controls and, consequently, District Court did not err by admitting State's Exhibits 2 and 5.

Therefore,

IT IS HEREBY ORDERED that the Judgment, entered on June 18, 2012, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawaiʻi, November 29, 2013.

On the briefs:

R. Patrick McPherson,
for Defendant-Appellant.

Associate Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

4.

CONCURRING OPINION BY NAKAMURA, C.J.

I concur in the result reached by the majority, but write separately to explain my analysis.

I.

In my concurring opinion in State v. Codiamat, I stated my view that existing Hawai'i Supreme Court precedent "-- which concludes that disjunctive pleading of alternative ways to commit an offense renders the charge defective -- is wrong, conflicts with the rationale cited to support it, and is illogical." State v. Codiamat, No. CAAP-11-0000540, 2012 WL 3113898, *3 (Hawai'i App. Jul. 31, 2012) (Nakamura, C.J., concurring), cert. granted, No. SCWC-11-0000540, 2012 WL 5231822 (Hawai'i Oct. 22, 2012). I therefore recommended that the existing precedent which precludes disjunctive pleading of alternative means be "re-examined and overturned." Id.

In this case, Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Alexander H. Li (Li) with operating a vehicle under the influence of an intoxicant (OVUII). The OVUII charge, which repeatedly uses the disjunctive term "or," states as follows:

> On or about the 5th day of February, 2012, in the City and County of Honolulu, State of Hawaii, ALEXANDER H. LI, did intentionally, knowingly, or recklessly operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty; and/or did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway with .08 or more grams of alcohol per two hundred ten liters of breath, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) and/or (a)(3) of the Hawaii Revised Statutes. ALEXANDER H. LI is subject to sentencing as a first offender in accordance with Section 291E-61(b)(1) of the Hawaii Revised Statutes.

(Emphasis regarding "or" added.) This case reinforces my belief that the precedent prohibiting disjunctive pleading should be reconsidered.

Prior to trial, Li moved to dismiss both the HRS § 291E-61(a)(1) and HRS § 291E-61(a)(3) prongs of the OVUII charge because the charge was "completely pled in the disjunctive." The District Court denied the motion.

The OVUII charge in this case illustrates the unsoundness of a rule prohibiting disjunctive pleading of alternative means of committing an offense. If disjunctive pleading of alternative means is prohibited on the theory that it leaves "the defendant uncertain as to which of the acts charged was being relied upon as the basis for the accusation against him[,]" State v. Jendrush, 58 Haw. 279, 283 n.4, 567 P.2d 1242, 1245 n.4 (1977), that theory would also logically extend to other aspects of a charge, such as alternative states of mind by which a crime can be committed. If charging alternative means disjunctively, when those alternatively means can be proved disjunctively, fails to give a defendant fair notice of the charge, then it would appear that charging alternative mental states disjunctively, when the mental states can be proved disjunctively, would also fail to give a defendant fair notice.

However, based on my review of prior Hawai'i cases, it appears that as in this case, alternative states of mind -- intentionally, knowingly, or recklessly -- have routinely been charged in the disjunctive, and I am not aware of any Hawai'i case that has held that such disjunctive pleading is improper. I believe the reason is clear. The alternative mental states can be proved in the disjunctive. For example, the requisite mental state for an HRS § 291E-61(a)(1) violation can be proved by showing that the defendant acted intentionally or knowingly or recklessly. The State is not required to prove that the defendant acted with all three mental states. Therefore, charging the mental states disjunctively, in a way that they actually can be proved, gives the defendant fair notice, and indeed better notice than charging the mental states conjunctively. See Codiamat, 2012 WL 3113898, at *4 (Nakamura, C.J., concurring).

2

This same logic applies to disjunctive pleading of alternative means. Disjunctive pleading of alternative means gives the defendant more effective notice of what the defendant must be prepared to meet. Conjunctive pleading provides inferior notice because it erroneously suggests that the State must prove both alternative means, when proof of either means will suffice. See id at *4-5.

II.

Nevertheless, until the existing precedent which prohibits disjunctive pleading of alternative means is overruled, we must address arguments based on this precedent. On appeal, Li only challenges the disjunctive pleading in the HRS § 291E-61(a)(3) prong of the charge because he was found guilty of violating HRS § 291E-61(a)(3), but not guilty of violating HRS § 291E-61(a)(1).

The OVUII charge for violating HRS § 291E-61(a)(3) used disjunctive pleading in three instances in alleging that Li: "[1] did operate **or** assume physical control of a vehicle [2] upon a public way, street, road, **or** highway [3] with .08 **or** more grams of alcohol per two hundred ten liters of breath . . . ." (Emphasis added.) There is a recognized exception to the existing precedent prohibiting disjunctive charging of alternative means where the conduct proscribed by the alternative means is factually synonymous. See State v. Lemalu, 72 Haw. 130, 134, 809 P.2d 442, 444 (1991), overruled on other grounds by State v. Spearman, 129 Hawai'i 146, 296 P.3d 359 (2013). Li concedes that the terms "public way, street, road, or highway" as used in the applicable statute are synonymous and therefore does not challenge the disjunctive pleading of those terms. Li does, however, challenge the disjunctive pleading of (1) "operate **or** assume actual physical control of a vehicle" and (2) ".08 **or** more grams of alcohol per two hundred ten liters of breath."

I agree with the majority that for purposes of providing fair notice, the terms "operate [a vehicle]" and "assume actual physical control of a vehicle" are synonymous.

3

Under the common understanding of these terms, a person generally cannot operate a vehicle without also assuming actual physical control of the vehicle. Accordingly, the disjunctive pleading of "operate [a vehicle]" and "assume actual physical control of a vehicle" falls within the exception to the prohibition against disjunctive pleading for proscribed conduct that is synonymous.

I disagree with the majority that Li did not preserve his claim that the phrase ".08 **or** more grams of alcohol per two hundred ten liters of breath" was improperly pled in the disjunctive. Read in context, I believe that Li's motion to dismiss the charge because it was "completely pled in the disjunctive" was sufficient to preserve the issue for appeal. However, I conclude that Li's argument regarding ".08 or more grams" is without merit. The phrase ".08 or more grams" does not refer to alternative means of committing the offense, but rather describes a unitary standard for measuring whether a person's alcohol breath content is excessive. In other words, any person whose breath has at least .08 grams of alcohol per two hundred ten liters of breath has exceeded the statutory limit. Because the "or" in ".08 or more grams" is not used disjunctively and does not signify alternative means of committing the offense, the phrase ".08 or more grams" does not fall within the prohibition against disjunctive pleading.

With respect to the State's Exhibits 2 and 5, which showed that the intoxilyzer had been properly calibrated and tested for accuracy, I agree that the admission of these exhibits did not violate Li's rights under the confrontation clause. See State v. Marshall, 114 Hawai'i 396, 400-02, 163 P.3d 199, 203-05 (App. 2007).

III.

For these reasons, I agree with the majority that the Judgment of the District Court should be affirmed.

*Craig H. Nakamura*

4